NEWMAN, Circuit Judge,
dissenting from denial of the petition for rehearing en banc.
I agree with my colleagues that this case is wrongly decided. However, I do not share their view that this incorrect decision is required by Supreme Court precedent. The facts of this case diverge significantly from the facts -and rulings in Mayo Collaborative Services v. Prometheus Laboratories, Inc., — U.S. -, 132 S.Ct. 1289, 182 L.Ed.2d 321 (2012), and in Association for Molecular Pathology v. Myriad Genetics, — U.S. -, 133 S.Ct. 2107, 186 L.Ed.2d 124 (2013).
In Mayo, both the medicinal product and its metabolites were previously known, leaving sparse room for innovative advance in using this information as a diagnostic dosage tool. Nonetheless, the Court recognized the principle that patent eligibility is. not disabled when science is put to practical use, stating that “a new way of using an existing drug” is' patent-eligible under Section 101.132 S.Ct. at 1302.
*1294 Whether or not Mayo drew an appropriate line in that case, particularly in view of the specificity of the diagnostic method that was developed, this decision does not require the drawing of a different line on quite different facts. In the case now before us, the claimed method was not previously known, nor the diagnostic knowledge and benefit implemented by the method.
Similar caveats accompanied the Court’s decision in Association for Molecular Pathology v. Myriad Genetics, with the Court stating that “this case does not involve patents on new applications of knowledge about the BRCA1 and BRCA2 genes.” 133 S.Ct. at 2120 (emphasis original). The Court further explained its holding, stating that: “We merely hold that genes and the information they encode are not patent eligible under § 101 simply ¡because they have been isolated from the surrounding genetic material.” Id.
In the case at bar, the inventors are not claiming the scientific fact of the discovery of paternal DNA in the blood of a pregnant woman; they are claiming the discovery and development of a new diagnostic method of using this information. As the panel recognized, this is a “breakthrough,” for this information can now be learned not only earlier in the gestation period than was previously available, but without the risks of the previously required invasive procedures of penetrating the amniotic sac.
Precedent does not require that all discoveries of natural phenomena or their application in new ways or for new uses are ineligible for patenting; the Court has cautioned against such generalizations. Such caution takes hold for the case at bar. The new diagnostic method here is novel and unforeseen, and is of profound public benefit — “a significant contribution to the medical field,” Panel Maj. Op. at 16- — a “breakthrough,” Panel Cone. Op. at 5. The panel’s decision to withhold access to patenting, now endorsed by the en banc court’s refusal to rehear the case, is devoid of support.
Nor does patenting of this new diagnostic method preempt further study of this science, nor the development of additional applications. Patenting does, however, facilitate the public benefit of provision of this method through medical diagnostic commerce, rather than remaining a laboratory curiosity.
This subject matter is not ineligible under Section 101, but warrants standard legal analysis for compliance with the requirements of patentability, that is, novelty, unobviousness, specificity of written description, enablement, etc., and whether the claims are appropriately limited, as discussed many years ago in O’Reilly v. Morse, 56 U.S. 62, 112 (1853) (“We perceive no well-founded objection to the description which is given of the whole invention and its separate parts, nor to his right to a patent for the first seven inventions set forth in the specification of his claims.”).
I respectfully dissent from my colleagues’ conclusion that Supreme Court precedent on Section 101 excludes this invention from eligibility for patenting. The subject matter should be reviewed for compliance with Sections 102, 103, and 112, and any other relevant provisions of the patent law.